UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLOWERS NATIONAL BANK,

    Plaintiff,

v.                                                                         Case No. 10-cv-14617
                                                                       Hon. Mark A. Goldsmith

LODGE VENTURES, INC.,
WILSON KUZA,

    Defendants.
_____/

## OPINION AND ORDER GRANTING
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### I. Introduction

This matter is before the court on the motion for summary judgment filed by Plaintiff Flowers National Bank pursuant to Fed. R. Civ. P. 56. Defendant Lodge Ventures, Inc. ("Lodge") and Defendant Wilson Kuza have filed no response to Plaintiff's motion. Accordingly, the Court decides the motion on the briefing alone, without a hearing. For the reasons set forth below, the Court grants Plaintiff's motion for summary judgment.

### II. Background

Lodge operates a liquor store located at 2906 W. Grand Boulevard in Detroit, Michigan. Plaintiff is a lender and secured party with respect to the transactions in this matter. Plaintiff's predecessor in interest, Lakeside Community Bank, loaned $400,000.00 to Lodge pursuant to a promissory note. Pursuant to the note, Lodge agreed to pay Plaintiff via scheduled monthly

payments. Kuza, Lodge's president, personally guaranteed Lodge's performance under the loan documents. (Guaranty [Dkt. 24-3] ¶ 2).

According to the complaint, between March 31, 2004 and March 31, 2009, Lodge defaulted on the terms of the Promissory Note. On March 31, 2009, the parties executed a forbearance agreement. In the Forbearance Agreement, Lodge and Kuza agreed (i) to pay the amount due under the note; (ii) that the Bank is entitled to accelerate the balance of the Note and enforce the loan documents; and (iii) that the "indebtedness under the Lodge Note is due without setoff, defense or counterclaim at law or in equity, or any kind or nature." (Forbearance Agreement [Dkt. 24-4] Recitals F, G, ¶ 4).

Plaintiff filed this suit on November 11, 2010 seeking to recover amounts owed under the parties' contract. Plaintiff alleges that Lodge failed to timely make monthly principal payments in May, June, July, August, September, October, and November 2010, and thus defaulted on the loan. The complaint alleges three counts: (i) breach of contract of the Promissory Note; (ii) breach of contract of the Forbearance Agreement; and (iii) breach of contract of the Guaranty. Defendants answered the complaint on December 1, 2010. Defendants have not denied any of Plaintiff's allegations. Instead, Defendants' answer to the complaint regarding a number of Plaintiff's claims states that Defendants neither admit nor deny the respective claims and leave Plaintiff to its proofs. Plaintiff filed this motion for summary judgment on May 13, 2011. No response by Defendants has been filed.

### III.     Discussion

Rule 56(c) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment

as a matter of law." Rule 56(c). Pursuant to Rule 56(e), if a party fails to properly address another party's assertion of fact, the court may consider the fact undisputed for purposes of the motion. Fed. R. Civ. P. 56(e)(2). Furthermore, in the face of a motion for summary judgment, the non-moving party must show that there is doubt as to the material fact. Street v. J.C Bradford & Co., 886 F.2d 1472, 1478 (6th Cir. 1989). "The non-moving party must present affirmative evidence on critical issues sufficient to allow a jury to return a verdict in its favor." Street at 1476-1477. The nonmoving party cannot rest on its pleadings but must come forward with some probative evidence to support its claim. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1984).

In this matter, Defendants have not filed a response to Plaintiff's dispositive motion. Nevertheless, "[a] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden." Carver v. Bunch, 946 F.2d 451, 455 (6th Cir. 1991). A court is not, however, required to "comb the record from the partisan perspective of an advocate for the non-moving party." Guarino v. Brookfield Township Trustees, 980 F.2d 399, 410 (6th Cir. 1992). As the Sixth Circuit explained, it would be "utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party." Id. at 406. Instead, "the facts presented and designated by the moving party [are] the facts at hand to be dealt with by the trial court." Id. at 404. Accordingly, the Court examines Plaintiff's motion to see if it has discharged its burden.

The Court's jurisdiction in this case is based on diversity of citizenship, and thus under 28 U.S.C. § 1332 the Court applies the law of the forum state regarding matters of contract law.

Mill's Pride, Inc. v. Cont'l Ins. Co., 300 F.3d 701, 704 (6th Cir. 2002).  Under Michigan law, the Court must "enforce the terms of the contract as written, interpreting the unambiguous language in its plain and easily understood sense."  Gelman Sciences, Inc. v. Fid. & Cas. Co. of New York, 572 N.W.2d 617, 623 (Mich. 1998).  See also Rory v. Cont'l Ins. Co., 703 N.W.2d 23, 30 (Mich. 2005) ("[a] fundamental tenet of our jurisprudence is that unambiguous contracts are not open to judicial construction and must be enforced as written").

> The language of the loan documents is unambiguous.  The Promissory Note states:
>
> 2. PROMISE TO PAY. For value received, I promise to pay . . . the principal sum of $400,000.00 (Principal) plus interest from March 31, 2004 on the unpaid Principal balance until this Note matures or this obligation is accelerated.

(Promissory Note [Dkt. 24-2] ¶ 2).  The Promissory Note is supported by the Guaranty signed by Mr. Kuza, which states:

> 2. Agreement to Guaranty: I absolutely and unconditionally promise to pay and guaranty the full and prompt payment of the following debt when due (whether at maturity or upon acceleration), including without limitation, all principle, accrued interest attorney's fees and collection costs.

(Guaranty ¶ 2).

Pursuant to the Guaranty, default occurs under any of thirteen circumstances, including failure to make any payment when due.  (Guaranty ¶ 10(A)).  Remedies for default include acceleration of the debt, rendering "all or any part of the amount owing by the terms of this Guaranty immediately due."  (Guaranty ¶ 12(A)).

In Recital F of the Forbearance Agreement, Defendants agreed that "the Lodge Note is in default, including for failure to make payment as agreed." (Forbearance Agreement at 1).  In Recital G, Defendant acknowledges that the Bank is entitled to "exercise the rights and remedies available to it, including acceleration of the balance due, demand for payment in full of the Lodge Note, and enforcement of the Loan Documents."  Id.  Furthermore, Paragraph Four is an

4

Acknowledgement of No Defense, which precludes any defense or counterclaim by Defendants. Id. at 3.

Defendants have presented no arguments or evidence to refute these agreements. This Court has no duty to search the record to find possible defects in the agreement or theories that might rid Defendants of their obligation. Gaurino at 404. Adopting the contracts' plain and easily understood meaning, as the court must, the Court finds that the loan documents clearly require Defendants to repay their loan to Plaintiff.

The undisputed record indicates that Lodge has defaulted on its obligations under the terms and conditions of the loan documents by failing to timely make payments due in accordance with the terms and conditions of the loan documents, and that Kuza has defaulted on his obligations under the Guaranty, Forbearance Agreement and other loan documents. (Cox Aff. [Dkt 24-5] ¶ 22, 26-30). Plaintiff's president testified that the current principal balance under the Promissory Note was $271,406.74; that interest had accrued on said balance in the amount of $18,048.54 as of May 10, 2011; and that late fees had accrued on said balance in the amount of $4,098.11 as of May 10, 2011. Id. ¶ 25. These figures are not disputed by Defendants. Accordingly, the Court finds that Defendants owe Plaintiff the sum of the principal balance of $271,406.74 together with interest of $18,048.54 as of May 10, 2011 and late fees of $4,098.11 as of May 10, 2011.

## IV. Conclusion

For the forgoing reasons, the Court grants Plaintiff's motion for summary judgment [Dkt. 24] and directs entry of a judgment in favor of Plaintiff and against Defendants, jointly and severally, in the amount of the principal balance of $271,406.74 with interest and late fees through the date of submission of the judgment. Plaintiff shall submit a proposed judgment under the 7-day rule.

SO ORDERED.

Dated: August 10, 2011                s/Mark A. Goldsmith
   Flint, Michigan                   MARK A. GOLDSMITH
                                               United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 10, 2011.

                                                           s/Deborah J. Goltz
                                                           DEBORAH J. GOLTZ
                                                           Case Manager